**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1866
_____

LAN TU TRINH,
                                        Appellant

v.

KATHLEEN LIEN TRINH; LT INTERATIONAL BEAUTY SCHOOL INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-05242)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Lan Trinh seeks to challenge the District Court's April 12, 2024, Order dismissing her complaint with prejudice for lack of subject matter jurisdiction. We will affirm the District Court's order as modified.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In December 2022, Trinh initiated the present suit alleging that defendant Kathleen Trinh colluded with a court appointed receiver, David Feinman, to defraud her of her beauty school. She asked that the District Court "overturn the decision" of the Pennsylvania Supreme Court so that the defendants could be held liable for their transgressions. After a difficult service of process, the District Court ultimately dismissed the complaint for lack of jurisdiction sua sponte. Trinh timely appealed.[1]

The District Court correctly concluded that it lacked subject matter jurisdiction over Trinh's claims, because her complaint had failed to allege a question of federal law. For federal question jurisdiction to exist, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016). Trinh's only potential federal question alleged that the defendants had violated her rights under the Fourteenth Amendment, and the District Court considered whether she sought recovery under 42 U.S.C. 1983. As the District Court correctly noted, however, neither of the defendants is liable under that

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's dismissal for want of subject matter jurisdiction. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

2

statute; neither is a state actor, and Trinh has not alleged that either acted under "color of law." Kach v. Hose, 589 F.3d 626, 645-46 (3d Cir. 2009). As a result, Trinh has failed to allege a federal question. 28 U.S.C. § 1331; see also Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous.")[2]

A dismissal for lack of jurisdiction, however, should be without prejudice. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999). Here, the District Court's order specifies that the complaint is dismissed with prejudice.[3] Accordingly, we will modify the District Court's order to dismiss Trinh's complaint without prejudice, and we will affirm the order as modified.

---

[2] While Trinh has not asserted that the Court has diversity jurisdiction over her suit, all of the parties are listed as having addresses within Pennsylvania. As a result, Trinh's complaint lacks the complete diversity of citizenship required to invoke diversity jurisdiction. 28 U.S.C. § 1332.

[3] During a hearing on Trinh's motion for default, the District Court judge twice stated that her complaint would be dismissed without prejudice.